IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICHARD LAWSON, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | |
| § | No. 3:12-cv-4262-B-BN |
| WILLIAM STEPHENS, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Richard Lawson, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

**Background**

Petitioner was charged with aggravated kidnaping by a Dallas County grand jury. After he was found guilty at a bench trial, Petitioner entered a plea of true to the enhancement paragraph and was sentenced to 25 years imprisonment.[1] Petitioner's direct appeal was dismissed for want of jurisdiction. *See Lawson v. State*, No. 05-11-00144-CR, 2011 WL 635278 (Tex. App – Dallas, Feb. 23, 2011, no pet.). Petitioner filed an application for state post-conviction relief. The application was denied without

---

[1] Petitioner also pled guilty to two arson offenses at the same time. He does not appear to challenge the arson convictions by this habeas petition.

written order on the findings of the trial court. *See Ex parte Lawson*, WR-78,085-01 (Tex. Crim. App. Sept. 26, 2012).

Petitioner then filed this action in federal district court. In four grounds for relief, Petitioner contends that: (1) he was denied a "full and fair consideration" on state habeas review; (2) his guilty plea was involuntary because it was based upon an improper amendment of the indictment at sentencing; (3) his conviction was the result of prosecutorial misconduct; and (4) he received ineffective assistance of counsel.

## Legal Standards

Where, as here, a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004). A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v.*

*Taylor*, 529 U.S. 362, 413 (2000). "For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law. A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 785-86 (2011) (citations and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Harrington*, 131 S. Ct. at 784("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning").

**Analysis**

"Given that limitations is not jurisdictional, it follows that the Court is not required to address it prior to denying relief on the merits." *Coker v. Thaler,* 670 F. Supp.2d 541, 546 (N.D. Tex. 2009). Respondent urges the Court to find Petitioner's application for habeas relief barred by the Antiterrorism and Effective Death Penalty Act's statute of limitations. *See* Dkt. No. 11 at 5-7. The Court need not decide this

procedural issue because Petitioner is not entitled to federal habeas relief in any event.

State Habeas Petition

Petitioner argues in his petition and brief that he was denied due process in connection with his state habeas proceeding because the State never responded to the Court of Criminal Appeals' order designating issues the state habeas court denied him an evidentiary hearing and did not provide findings of fact or conclusions of law, and the Court of Criminal Appeals denied his petition without written order. *See* Dkt. No. 3 at 7 & 16-17. The United States Court of Appeals for the Fifth Circuit has repeatedly held that defects in a state habeas proceeding are not cognizable under 28 U.S.C. § 2254. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) (citing cases). "That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Id.* at 320. To the extent that Petitioner seeks federal habeas relief on that ground, his claims are precluded by Fifth Circuit precedent.

Allegedly Involuntary Guilty Plea

Petitioner challenges his guilty plea's validity because it was allegedly based on an unlawful amendment to his indictment that occurred during the sentencing phase of trial. *See* Dkt. No. 3 at 7 & 18-20. He alleges that, even though the indictment only contained one enhancement paragraph, a 2007 prior conviction for trafficking of a person, the prosecutor sought to prove that Petitioner was a habitual offender under Texas Penal Code § 12.42 because he had been convicted of two prior felony offenses – the 2007 conviction and a 1993 aggravated robbery offense. If proved, the second

enhancement would change his range of imprisonment from a minimum of 15 years imprisonment to a minimum of 25 years imprisonment. *See* TEX. PENAL CODE § 12.42(c)(1) & (d).

A guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf,* 545 U.S. 175, 183 (2005). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States,* 523 U.S. 614, 618 (1998) (internal quotation marks omitted). A plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya,* 111 F.3d 386, 389 (5th Cir. 1997). The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) the defendant's full understanding of the charges; and (3) the defendant's realistic appreciation of the consequences of the plea. *See United States v. Gracia,* 983 F.2d 625, 627-28 (5th Cir. 1993). These core concerns are addressed by the admonishments contained in article 26.13 of the Texas Code of Criminal Procedure. *See, e.g., Ojena v. Thaler,* No. 3:10-cv-2601-P-BD, 2011 WL 4048514, at *1 & n.1 (N.D. Tex. Aug. 25, 2011), *rec. adopted,* 2011 WL 4056162 (N.D. Tex. Sept. 12, 2011).

After a bench trial, Petitioner agreed to plead true to one enhancement paragraph for a prior conviction for trafficking of a person and waive his appellate rights in exchange for a 25-year sentence. *See* Dkt. No. 10-21 at 153-54; Dkt. No. 10-23 at 55-60. Petitioner, his attorney, and the prosecutor signed a written plea agreement.

*See* Dkt. No. 10-23 at 58. The agreement disclosed that the range of punishment for aggravated kidnaping, a first degree felony enhanced by a prior felony conviction, was between 15 and 99 years, or life, in prison, and a fine not to exceed $10,000. *See id.* at 56. As part of the plea agreement, Petitioner agreed to a 25-year sentence and waived the full panoply of his constitutional rights, including his right to a jury trial, his right to confront and cross-examine witnesses, his right to a speedy trial, and his privilege against self-incrimination. *See id.* at 56-57. By signing the plea agreement, Petitioner acknowledged that "my attorney has explained to me, and I have read and I understand, all the foregoing admonitions and warnings regarding my rights and my plea, and that my statements and waivers are knowingly, freely, and voluntarily made with full understanding of the consequences." *Id.* at 58. These representations by a defendant during plea proceedings carry a strong presumption of verity. *See Blackledge v. Allison,* 431 U.S. 63, 74 (1977); *see also Hobbs v. Blackburn,* 752 F.2d 1079, 1081 (5th Cir. 1985) (official documents, such as a written plea agreement, "are entitled to a presumption of regularity and are accorded great evidentiary weight").

In an attempt to overcome this presumption, Petitioner claims that his guilty plea was involuntary because he was coerced into accepting a 25-year plea deal when the State sought to prove a second enhancement paragraph at sentencing. *See* Dkt. No. 3 at 7 & 18-20. The state habeas court considered and rejected the claim that Petitioner's guilty plea was involuntary. It held that Petitioner was specifically admonished as to his rights and warned of the possible consequences of his plea and that Petitioner did not present any evidence that he was mentally incapable of

understanding the consequences of his plea. *See* Dkt. No. 10-23 at 47. Therefore, it found that, "at the time of the plea, [Petitioner] understood the nature of the proceedings against him, the consequences of his plea, and was properly admonished by the trial court. The Court concludes that [Petitioner]'s plea was made knowingly and voluntarily." *Id.* Petitioner has failed to establish that this finding is unreasonable. That is, at the least, fairminded jurists could disagree on the correctness of the state court's decision, and federal habeas relief is therefore precluded.

In any case, the Texas Court of Criminal Appeals has held that, under Texas law, enhancement paragraphs need not be pleaded in the indictment; instead, the State need only furnish a written "Notice of Enhancement Paragraphs" or similar document. *See Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997); *see also Webb v. Thaler*, No. 2:09-CV-283-J-BB, 2012 WL 1391648, at *12-*13 (N.D. Tex. Mar. 29, 2012), *rec. adopted*, 2012 WL 1405678 (N.D. Tex. Apr. 23, 2012). Here, the prosecutor filed a "Notice of the State's Intent to Seek Punishment Enhancement for Habitual Felony Offenders" on September 29, 2010, over two months before his bench trial. *See* Dkt. No. 10-1 at 58. Petitioner does not show that this document failed to give him adequate notice of the State's intent. Accordingly, it would not have been improper for the prosecutor to seek the lawful sentencing enhancement if Petitioner did not plead true at sentencing. *See Ehl v. Estelle*, 656 F.2d 166, 169-70 (5th Cir. 1981) (citing *Bordenkircher v. Hayes*, 434 U.S. 357, 361-63 (1978)).

Petitioner has failed to rebut the state habeas court's findings that his guilty plea was knowing and voluntary. Accordingly, this claim should be denied.

To the extent that Petitioner challenges his indictment as defective, he fails to raise a valid, federal constitutional issue. *See McKay v. Collins*, 12 F.3d 66, 68-69 (5th Cir. 1994); *see also Wood v. Quarterman,* 503 F.3d 408, 412 & n.1 (5th Cir. 2007) ("Because the sufficiency of the indictment was squarely presented to the highest state court and that court held that the trial court had jurisdiction over this case, this claim is foreclosed to federal habeas review.").

Prosecutorial Misconduct

Petitioner alleges that the prosecuting attorney violated her obligations under *Brady v. Maryland* because she was aware of, but did not disclose, cab records and "metro telephone" records that would have established his innocence. He further claims wrongdoing because the prosecuting attorney was a "sex offense prosecutor" assigned to an aggravated kidnaping case.

In response, prosecutor Brooke Grona-Robb prepared an affidavit that the trial court found to be truthful and worthy of belief. *See* Dkt. No. 10-23 at 46. Grona-Robb explained that she never received information about a cab ride worthy of investigation and that the only information that she had about a cab ride was contained in Petitioner's own statement to the police, which was turned over the defense counsel in discovery. *See* Dkt. No. 10-26 at 7. She further explained that she did not have any phone records in the case. *See id.*

The state habeas court found that Petitioner's claim was without merit. It concluded:

[The prosecutor] did not have or withhold any information concerning

-8-

>   telephone records or cab company records that would have supported [Petitioner]'s allegations concerning his whereabouts at the time of the offense. The Court finds that [the prosecutor] did not withhold any *Brady* type material. The Court finds that there is no evidence of prosecutorial vindictiveness or that the State violated [Petitioner]'s rights in any way.

Dkt. No. 10-23 at 46.

Petitioner has failed to provide any evidence to establish that this finding represents an unreasonable application of clearly established federal law or that the state court unreasonably applied the facts in light of the evidence presented. His conclusory claims that the prosecutor withheld evidence or that her participation in the case was improper does not satisfy his burden. *See Miller v. Johnson,* 200 F.3d 274, 282 (5th Cir. 2000); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).

<u>Ineffective Assistance of Counsel</u>

Petitioner contends that his defense attorney, Bernard Sutherland, provided ineffective assistance because he (1) failed to investigate the cause or did not have a firm command of the facts or law; (2) did not obtain yellow cab records and telephone records that would have proven Petitioner's innocence; (3) did not file any pretrial motions; (4) neglected to cross-examine key witnesses; and (5) did not tell Petitioner that the prosecutor and trial judge were violating his constitutional rights.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington,* 466 U.S. 668 (1984). *See Cullen v. Pinholster*, 131 S. Ct.

1388, 1403 (2011). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 687-88. To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *See id.* at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

> [B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland,* 466 U.S. at 689), *cert. denied,* 133 S.Ct. 1584 (2013).

And, to demonstrate prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington,* 131 S. Ct. at 792.

"In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 132 S. Ct. 1376,

-10-

1384 (2012). That is, a petitioner must prove both deficient performance and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Finally, where, as here, the state court adjudicated an ineffective-assistance claim on the merits, this Court must review Petitioner's claim under the doubly deferential standards of both *Strickland* and Section 2254(d). In such cases, the "pivotal question" for this Court is not "whether defense counsel's performance fell below *Strickland*'s standard," it is "whether the state court's application of the Strickland standard was unreasonable." *Harrington,* 131 S. Ct. at 785.

In a sworn affidavit presented in the state habeas proceeding, Sutherland testified that he and an investigator thoroughly investigated the case, met and conversed on at least six occasions, sought the records requested by Petitioner, reviewed over six hours of video statements and written discovery, conducted field interviews and that he filed an omnibus pretrial motion with the court. *See* Dkt. No. 10-26 at 5.

Considering Sutherland "truthful and worthy of belief," the trial court accepted his affidavit testimony. *See* Dkt. No. 10-23 at 47. It found that counsel thoroughly investigated the case, received and reviewed discovery, and filed an omnibus pretrial motion. *See id.* at 48. Because there was no evidence that the trial judge or prosecutor violated Petitioner's rights, Sutherland was not ineffective for failing to inform Petitioner of such violations. *See id.* The habeas court therefore concluded that

Petitioner was provided effective assistance of counsel. *See id.*

Petitioner has failed to rebut the state habeas court's findings. Petitioner does not allege with specificity what additional investigation or preparation would have revealed, what pretrial motions should have been submitted by counsel, or how cross-examination would have resulted in a different trial outcome. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989).

And "[a] failure by counsel to file motions does not *per se* constitute ineffective assistance of counsel." *See Martin v. Thaler,* No. 4:10-cv-50-A, 2010 WL 2697155, at *4 (N.D. Tex. July 7, 2010) (citing *Kimmelman v. Morrison,* 477 U.S. 365, 383-84 (1986)). Petitioner does not identify what specific motions should have been filed or explain how those motions would have affected the outcome of the trial. *See id.,* 2010 WL 2697155, at *4.

Similarly, Petitioner's claim that Sutherland failed to cross-examine witnesses fails because he does not identify the witnesses that were not properly cross-examined, identify the purported deficiencies, or explain what counsel should have done differently that would have resulted in a more favorable outcome. *See United States v. Virgen*, No. 4:12-cv-731-A, 2013 WL 490920, at *3 (N.D. Tex. Feb. 8, 2013) (citing *United States v. Holmes,* 406 F.3d 337, 361 (5th Cir. 2005) & *Miller,* 200 F.3d at 282).

Petitioner has failed to establish that the state habeas court's determination was unreasonable by showing that his defense attorney was deficient or that he was denied

any other constitutional rights with regard to his conviction or sentence.

Accordingly, his habeas petition should be denied.

## Recommendation

Petitioner's application for writ of habeas corpus should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 11, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE